UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AET RAIL GROUP, LLC,

              Plaintiff,

    v.

SIEMENS TRANSPORTATION SYSTEMS, INC.,

              Defendant.

_____

DECISION & ORDER

08-CV-6442T

        By order dated October 21, 2008, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 7). Currently pending before this Court is a motion to compel filed by the plaintiff AET Rail Group, LLC ("AET") and a cross-motion for a preclusion order by defendant Siemens Transportation Systems, Inc. ("Siemens"). (Docket ## 37, 42). For the reasons discussed below, the motion to compel is granted in part and denied in part and the cross-motion for preclusion is denied.

        On July 21, 2009, this Court held a lengthy telephone conference with counsel for the parties to address various discovery disputes, including the adequacy of Siemens' responses to several of AET's discovery requests. (Docket # 35). As a result of that conference, the disputes were informally resolved through Siemens' agreement to provide documents in response to certain requests within thirty days of the conference. (Docket # 37-2 at ¶ 6).

        AET filed the instant motion to compel on September 28, 2009. (Docket # 37). AET alleges that Siemens never provided the responses as agreed. (Docket # 37-2 at ¶¶ 8-9).

The motion seeks responses to the discovery requests that were discussed during the July 21, 2009 telephone conference.

On October 1, 2009, this Court issued a motion scheduling order requiring Siemens to respond to AET's motion to compel by no later than October 22, 2009. (Docket # 28). On October 29, 2009, having received no opposition to AET's motion from Siemens, this Court cancelled oral argument and deemed the motion submitted. (Docket # 40). On October 30, 2009, counsel for Siemens wrote to this Court representing that he had inadvertently missed the deadline for responding to AET's motion and requesting that the Court accept opposing papers on November 2, 2009. (*See* October 30, 2009 letter from Bryon Friedman, Esq.). Without explanation to or permission from the Court, Siemens waited until November 19, 2009 to file the pending cross-motion. (Docket # 42).

Thereafter, on December 30, 2009, Siemens notified this Court that United States District Judge Michael A. Telesca had granted its motion for summary judgment on AET's claims for *quantum meruit* and theft of intellectual property. As a result, this Court ordered Siemens to "submit a written report identifying for this Court (1) those discovery requests which the parties agree are no longer relevant as a result of Judge Telesca's decision, (2) those discovery requests that the parties agree are still relevant, and (3) those discovery requests as to which the parties cannot agree." (Docket # 47). Siemens complied with this Court's order on January 15, 2010. (Docket # 49). According to the January 15, 2010 letter, the parties agree that several disputed items have been rendered moot by Judge Telesca's decision on summary judgment and that others remain outstanding. The parties specifically dispute whether one

discovery request, Request No. 18 of AET's "Second FRCP 34 Request for Documents"
("Second Request"), is moot.

## DISCUSSION

### I. AET's Motion to Compel

Failure to oppose a pending motion may be fairly construed as a lack of opposition to the requested relief or as a waiver of the party's right to be heard in connection with the motion. *See*, *e.g.*, *TCPIP Holding Co. v. Haar Commc'ns Inc.*, 2004 WL 1620950, *4 (S.D.N.Y. 2004) (defendant's failure to respond to motion was sufficient basis to grant motion by default); *Loew v. Kolb*, 2003 WL 22077454, *1 (S.D.N.Y. 2003) (same). In this case, the motion scheduling order afforded Siemens sufficient time to respond to the pending motion. It neither did so by the deadline set by the Court, nor timely requested an extension of that deadline. Although Siemens has filed a cross-motion to oppose the motion to compel, it was filed four weeks after the deadline and three weeks after the motion was deemed submitted. Indeed, it was inexplicably filed over two weeks after the date by which it represented it would file its tardy response. The cross-motion is thus plainly untimely and undeserving of consideration in connection with AET's pending motion to compel. Accordingly, AET's motion to compel (Docket # 37) is granted in part and denied in part as discussed below.

The parties have notified this Court that Requests 8, 15, 16, 17, 19 and 20 of AET's Second Request are no longer relevant as a result of Judge Telesca's summary judgment motion decision. Accordingly, AET's motion to compel responses to those requests is **DENIED AS MOOT**. The parties dispute whether Request 18 of AET's Second Request is now moot.

Having reviewed Request 18, I do not find that it has been mooted by Judge Telesca's decision. Because Siemens did not timely oppose the pending motion, AET's motion to compel Siemens to respond to Request 18 is **GRANTED**. The remainder of AET's motion to compel is **GRANTED** for the same reason. All responsive documents shall be provided to AET by no later than **July 23, 2010**.

AET seeks sanctions under Rule 37 of the Federal Rules of Civil Procedure, including attorneys' fees and costs, in connection with its motion to compel. (Docket # 37-7 at 1, 3). Rule 37 of the Federal Rules of Civil Procedure provides that if a motion to compel is granted or if the "requested discovery is provided after the motion was filed – the court *must*, after given an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). "[D]istrict judges have broad discretion in imposing sanctions." *Corp. of Lloyd's v. Lloyd's U.S.*, 831 F.2d 33, 36 (2d Cir. 1987) (referencing Rule 37's directive that courts "shall" impose costs) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)). A request for fees may be denied where (1) the movant did not make a good faith effort to resolve the dispute before filing the motion; (2) the non-moving party's failure to provide the discovery response was "substantially justified"; or (3) the award of fees would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

On the record before me, I find that an award of attorneys' fees to AET is justified. In my discretion, I decline to award any additional sanctions finding that they are not warranted. Accordingly, counsel for AET shall submit to this Court by no later than **July 14,**

**2010**, an affidavit specifying his fees and costs, including his hourly rate and the number of hours devoted to the instant motion, along with corresponding time and billing records. Counsel for Siemens may file any objections to the requested fees and costs by no later than **July 23, 2010**.

## II. Siemens' Cross-Motion

I turn now to Siemens's cross-motion seeking an order precluding AET from offering evidence at trial concerning damages on the basis that AET has failed to disclose its damages computations as part of its required initial disclosures under Fed. R. Civ. P. 26.[1] (Docket # 42). Even if Siemens' failure to timely file the cross-motion did not foreclose consideration of the motion, I find that it should be denied on the merits.

Siemens claims that AET has not properly documented its request for damages as required under Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure and requests an order pursuant to Rule 37(a) precluding AET from presenting damages evidence at trial. (Docket # 44 at 3). Siemens sets forth no factual allegations, only conclusory statements, regarding AET's purported delinquency. In contrast, counsel for AET has submitted an affidavit representing that AET has made three separate Rule 26(a) damages computations: the first on November 17, 2008; the second on March 10, 2009; and, the third on October 23, 2009. (Docket # 45 at ¶ 39). To the extent that Siemens argues that AET has not disclosed its damages computations on the *quantum meruit* theory, the district court's dismissal of that claim renders the dispute moot. (*See* Docket # 46 at 18). On this record, I find that Siemens has not

---

[1] To the extent that Siemens's motion also seeks summary judgment dismissing the second and fourth counts contained in plaintiff's complaint, that request is denied as duplicative of the motion for summary judgment already decided by the District Court.

demonstrated that AET has failed to comply with its initial disclosure obligations.  Accordingly, Siemens's motion to preclude **(Docket # 42)** is **DENIED**.

Counsel are directed to confer with respect to proposed deadlines for the remainder of discovery (fact and expert) and the filing of dispositive motions and to submit to this Court a joint proposed amended scheduling order by no later than **July 23, 2010**.

**IT IS SO ORDERED.**

                                                                                  *s/Marian W. Payson*
                                                                                 MARIAN W. PAYSON
                                                                      United States Magistrate Judge

Dated:  Rochester, New York
          June  30, 2010